IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESTER D. SCAIFE, | ) |
| | ) |
| Plaintiff, | ) Case No. 19-cv-01284 |
| | ) |
| v. | ) Judge John J. Tharp Jr. |
| | ) |
| RALPH LAUREN, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS**

Defendant, Ralph Lauren Corporation ("RLC"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 26, hereby moves this Court to stay discovery pending resolution of RLC's Motion to Dismiss Plaintiff Lester D. Scaife ("Plaintiff") Complaint For Making False Statements In His *In Forma Pauperis* Application ("Motion to Dismiss"). In support thereof, RLC respectfully states as follows:

**Background**

1. On February 21, 2019, Plaintiff filed an *In Forma Pauperis* Application and Financial Affidavit (the "IFP Application"), *see* Dkt. No. 4, and a Motion for Attorney Representation, *see* Dkt. No. 5.

2. RLC moved to dismiss the complaint based on the false statements Plaintiff made in his IFP Application. *See* Dkt. No. 14. Specifically, RLC showed that Plaintiff (1) falsely stated that he earned only $12.90 per hour in connection with his current employment at Macy's (in fact, with commissions, it appears he earned approximately $17.69 per hour in this position); and (2) falsely denied that he received any other salary or wages in the previous twelve (12) months (in fact, he earned at least $19,288.00 in 2018 in connection with his employment at 24 Seven). *Id.*

48994129;2

3. On May 14, 2019, the Court held an initial conference and a hearing on RLC's Motion to Dismiss. During the hearing, the Court directed Plaintiff to file a response to the Motion to Dismiss. Thereafter, the Court issued an Order directing Plaintiff to respond to the Motion to dismiss by May 21, 2019. *See* Dkt. No. 19.

4. On May 16, 2019, Plaintiff filed papers with the Court in which he claimed that "Plaintiff statements and paystubs that show no false statements in connection with my application to proceed *in forma pauperis*." *See* Dkt. No. 21. Specifically, Plaintiff wrote that (1) he did not misrepresent his salary at Macy's because he attached pay stubs to his IFP Application which reflected his commissions; and (2) RLC's argument that he had failed to disclose his 2018 salary was "irrelevant" because "the form does not ask for that information." *See id.*

5. In fact, the IFP Application expressly does ask for such information. *See* Dkt. No. 4, at ¶ 4(A)-(G) ("In addition to your income stated above in response to Question 2 (which you should not repeat here), have you or anyone else living at the same residence received more than $200 in the past twelve months from any of the following sources?"). Despite that express request, Plaintiff falsely attested that he had not earned any other income in the preceding twelve months. In actuality, Plaintiff earned more than $19,000 in 2018 and failed to disclose that income in his IFP application.

6. Additionally, Plaintiff attached paystubs to his response indicating that, in addition to the $19,288.00 he earned in 2018 in connection with his employment at 24 Seven, he also earned at least $2,574.07 in 2018 in connection with his employment at Macy's. *See* Dkt. No. 21, at p. 5. In addition to the over $19,000 he received from 24 Seven in 2018, Plaintiff failed to disclose this income in his IFP Application. *See* Dkt. No. 4, at ¶ 4(A).

7. Notably, Plaintiff's papers also fail to disclose any information as to whether he has earned any income and/or received any payments in connection with finecreativity, Inc., a marketing/advertising company which Plaintiff apparently founded and presently operates (*see* https://www.finecreativity.com) or in connection with the art Plaintiff appears to sell online (*see* https://fineartamerica.com/profiles/lester-scaife.html). Accordingly, Plaintiff's IFP Application contains even more material misstatements and/or omissions than previously believed, Plaintiff's Complaint should therefore be dismissed.

### Argument

8. This case is subject to the Court's Mandatory Initial Discovery Pilot. *See* Dkt. No. 8. As a result, the parties are presently required to exchange mandatory initial discovery 30 days after service of RLC's Motion to Dismiss, i.e., on or by May 29, 2019.

9. However, it is well established that "[u]nder Rule 26(c) and 26(d), a court may limit the scope and sequence of discovery, including staying discovery during the pendency of a motion to dismiss." *Rustom v. Rustom*, No. 17 C 9061, 2018 WL 2423508, at *5 (N.D. Ill. May 29, 2018). Indeed, courts in this Circuit regularly stay discovery pending the resolution of a motion to dismiss. *See, e.g.*, *Coss v. Playtex Prod., LLC*, No. 08 C 50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009) ("The court may grant a motion to stay discovery for a number of reasons, including the filing of a motion to dismiss."); *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993) ("A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion."); *Weiss v. Michilowski*, No. 15-C-1165, 2016 WL 9019653, at *1 (E.D. Wis. Apr. 15, 2016) ("[D]iscovery concerning the merits of the plaintiff's claims is premature prior to this court determining whether this case should be dismissed pursuant to defendant's motion [to dismiss]."); *see also Almond v.*

48994129;2

*Pollard*, No. 14-CV-901-PP, 2015 WL 1966711, at *5 (E.D. Wis. Apr. 29, 2015) (revoking grant of authority to plaintiff to proceed *in forma pauperis* and staying discovery until plaintiff paid the filing fee).

10. Notably, "[c]ourts are more likely to stay discovery pending a motion to dismiss where the motion will resolve an important threshold issue." *Bianchi v. Tonigan*, No. 12 C 0364, 2012 WL 5906536, at *1 (N.D. Ill. Nov. 26, 2012).

11. Here, discovery should be stayed because there are three important threshold issues to be resolved which discovery will not impact: (1) *first*, whether Plaintiff's Complaint should be dismissed because Plaintiff made false statements in his IFP Application; (2) *second*, if the Court declines to dismiss Plaintiff's Complaint, whether Plaintiff should be permitted to proceed *in forma pauperis* given his material misstatements and omissions in his income and earnings; and (3) *third*, if the Court declines to dismiss Plaintiff's Complaint, whether Plaintiff's Motion for Attorney Representation should be granted. Requiring the parties to exchange discovery while decisions on these threshold issues are pending would be costly, unduly burdensome, and fruitless, particularly if the Court grants RLC's Motion to Dismiss.

12. Moreover, this Court is likely to grant the Motion to Dismiss. Plaintiff submitted an IFP Application with false statements under the penalty of perjury, and his allegation of poverty is untrue.[1] 28 U.S.C. § 1915 provides that "the court *shall* dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue[.]" It is well established that a court must dismiss a case where the plaintiff has submitted an application to proceed *in forma pauperis* containing false statements. *See* Dkt. No. 14, at par. 10.

---

[1] According to the U.S. Department of Health and Human Services ("HHS") poverty guidelines, the poverty line for a household of one was $12,140 in 2018 and is $12,490 in 2019. See U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Federal Programs, available at https://aspe.hhs.gov/2018-poverty-guidelines; https://aspe.hhs.gov/2019-poverty-guidelines (last visited Apr. 29, 2019).

48994129;2

13. As noted by Judge Shadur, "Section 1915(e)(2)(A), enacted as part of a general overhaul of Section 1915 in 1996, has made one change critical to the resolution of the current motion: It replaced the word 'may' in what had previously been Section 1915(d) with the word 'shall' in the current statute[.]" *Pelmer v. Dean*, 562 F.Supp.2d 1006, 1007-8 (N.D. Ill. 2008). The statute currently reads:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue;

28 U.S.C. § 1915(e)(2)(A) (emphasis added).

14. "The mandate is unambiguous." *Pelmer*, 562 F.Supp.2d at 1008. "Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice." *Id.* (quoting *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 307 (7th Cir. 2002)).

15. Judge Shadur also rejected any qualifications on that language. In *Pelmer*, plaintiff's counsel characterized the omissions as "oversights" and "the result of honest mistakes." *Pelmer*, 562 F.Supp.2d at 1008. "But there is no gainsaying that, in the language of the statute, Pelmer's allegation of poverty is untrue.' It is simply wrong to say, as Pelmer's counsel does, that Stuart Dean is somehow 'obligated to show that (1) Plaintiff's omissions were made in bad faith rather than through an innocent oversight.' Just what is meant by 'innocent oversight' is unclear— Pelmer is plainly not an unlettered person who cannot understand the plain terms of the Application and the information that it calls for . . .." *Id.*

16. In addition, the decision whether to dismiss the case with or without prejudice is a distinction without consequence. "In the employment discrimination context, however, that distinction falls away: Because suit must be brought within 90 days after EEOC's issuance of its right-to-sue letter (see 42 U.S.C. § 2000e—5(f)(1)), if Pelmer were to essay another lawsuit it

would be barred by limitations. In sum, what is ordered here in conformity with the statutory mandate is simply dismissal." *Pelmer*, 562 F.Supp.2d at 1008.; *see also Torain v. SBC*, No. 06 C 4559, 2008 WL 11395775, at * 4 (N.D. Ill. August 12, 2008) ("Nor need the court decide whether to dismiss Torain's case with or without prejudice. . . . Torain filed his suit on the last day of the 90-day period for filing following issuance of the EEOC 'right to sue' letter. Therefore, he is time-barred from re-filing his suit.")

## Conclusion

WHEREFORE, for the reasons set forth in this Motion, RLC respectfully requests that the Court stay discovery pending the resolution of the Motion to Dismiss, and grant such other and further relief the Court deems just and proper.

Dated: May 28, 2019

Respectfully submitted,

Ralph Lauren, Inc.

By: /s/ John T. Roache
One of Its Attorneys

John T. Roache
Akerman LLP
71 S. Wacker Drive, 46th Floor
Chicago, IL 60606
john.roache@akerman.com
312-634-5737

48994129;2

## **CERTIFICATE OF SERVICE**

I, John T. Roache, certify that on the 28th day of May, 2019, I caused RLC's Motion To Stay Discovery Pending Resolution of Motion to Dismiss to be served a copy of the foregoing document on all counsel of record listed below, via the Court's ECF filing system and/or U.S. Mail.

        Lester Scaife
        Scaife171@gmail.com
        30 W. Chicago Ave., #1640
        Chicago, IL 60654

        /s/ John T. Roache
        John T. Roache

48994129;2