IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LESTER D. SCAIFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-01284 |
| v. | ) | |
| | ) | Hon. Martha M. Pacold |
| RALPH LAUREN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

    Before the court are Defendant Ralph Lauren's motion to dismiss Plaintiff Lester Scaife's complaint for making false statements in his *in forma pauperis* application, Scaife's amended IFP application, and Scaife's motion for attorney representation. For the following reasons, the court denies the motion to dismiss [14], grants the amended IFP application [25], and grants the motion for attorney representation [5]. The Court recruits Ira James Belcove of Porter, Wright, Morris & Arthur LLP, 321 North Clark Street, Suite 400, Chicago, IL 60654, (312) 756-8500, ibelcove@porterwright.com, to represent Plaintiff in this matter.

## STATEMENT

    Scaife filed his original IFP application (Dkt. 4) on February 21, 2019, and the court granted it the next day (Dkt. 5). Ralph Lauren brought this motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A), arguing that plaintiff misrepresented his income in his IFP application. Section 1915(e)(2)(A) reads: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." This language, which was enacted in 1996, "replaced the word 'may' . . . with the word 'shall.'" *Pelmer v. Dean*, 562 F. Supp. 2d 1006, 1007 (N.D. Ill. 2008). Accordingly, the Seventh Circuit has instructed that where "the allegation of poverty was false, the suit had to be dismissed; the judge had no choice." *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002). The sole question is whether the allegation of poverty in Scaife's application was "untrue." If so, the court must dismiss Scaife's complaint.

    The Seventh Circuit has recently provided the following guidance on Section 1915(e)(2)(A): "The PLRA does not define the word 'untrue,' but the fact that the

penalty for an 'untrue' allegation of poverty is not simply an order requiring full payment, but instead is dismissal of the entire action, suggests to us that Congress meant something like 'dishonest' or 'false,' rather than simply 'inaccurate.'" *Robertson v. French*, No. 17-3579, 2020 WL 549392, at *3 (7th Cir. Feb. 4, 2020). In addition, Section 1915(e)(2)(A) "requires the severe sanction of dismissal only when a petitioner says that she is indigent when she is not." *Palmer v. Dollar Tree*, No. 10 C 7340, 2012 WL 4795720, at *4 (N.D. Ill. Oct. 9, 2012); *see also Chriswell v. Big Score Entm't, LLC*, No. 11 C 00861, 2013 WL 3669074, at *4 (N.D. Ill. July 12, 2013).

In his IFP application, Scaife stated that he was employed by Macy's at $12.90 an hour, for "5 to 25 hours per week." (Dkt. 4 at 1, 5.) He also wrote "see additional pages," and attached pay stubs showing his year-to-date gross earnings at Macy's, which were $2,125.67 as of the time of filing. (*Id.* at 1, 6-8.) Ralph Lauren argues that the pay stubs show that Scaife received additional compensation in the form of commissions that went above and beyond the hourly rate of $12.90. Scaife argues that since he wrote "see additional pages" on his application and attached his pay stubs, he did not misrepresent his salary. (Dkt. 31 at 1.) In its motion to dismiss, Ralph Lauren contends that the pay stubs appear to show that Scaife made an average of $4.79 an hour in commissions, basing that calculation solely on the pay periods between January 27 and February 16, 2019. However, Scaife points out that using the year to date numbers on the pay stubs, he had worked 150.55 hours as of February 16, 2019, and received a total of $169.02 in commissions. This translates to $1.12 per hour.[1] (Dkt. 31 at 1.) In its reply brief, Ralph Lauren contests this calculation. It argues that Scaife worked 127.95 hours, yielding an average of $1.32 per hour. (Dkt. 33 at 5 ¶ 18.) However, Scaife's calculation includes the additional category of non-productive hours, for which Scaife was paid the same rate of $12.90. (*See* Dkt. 4 at 6 (127.95 "Regular Pay" hours YTD plus 23.60 "Non Prod Hours" YTD equals 151.55 hours worked YTD).)

Regardless of the methodology used to calculate Scaife's hourly commission earnings, neither party's filings indicate that Scaife's earnings from commissions materially change his overall financial condition. Scaife's supplemental filings show that his average hourly commission pay in 2018 was less than one dollar per hour as of December 1, 2018, and that his average rate in 2019 was also less than one dollar as of April 6, 2019. (Dkt. 21 at 5, 8.) Scaife's amended application now describes his wages as "12.90 plus 1% occasional commission," and again refers to

---

[1] Scaife's calculation is slightly off. Scaife worked 151.55 hours, not 150.55. (*See* Dkt. 4 at 6 (127.95 "Regular Pay" hours YTD plus 23.60 "Non Prod Hours" YTD equals 151.55 hours worked YTD).)

attachments "for more details."  (Dkt. 25 at 1.)  Based on a complete review of Scaife's filings, and considering both that Scaife attached his pay stubs to the IFP applications, and that calculating the hourly commission rate requires calculations that may not be immediately apparent from the face of the pay stubs, any errors in Scaife's statements are minor and understandable.  Here, as in *Robertson*, the court is convinced that Scaife was "not trying to conceal anything."  2020 WL 549392, at *4.  And, even if correct, Ralph Lauren's calculation does not significantly change Scaife's financial situation as described in his filings.

Next, Ralph Lauren points out that Scaife's application indicates that Scaife did not receive "more than $200 in the past twelve months" from any of the listed sources on the form, which included salary and wages.  However, Scaife's complaint alleges that he was previously employed by 24 Seven, LLC.  (*See* Dkt. 1 at 28.)  Ralph Lauren attaches authenticated W-2 forms showing that in 2018, Scaife earned $19,288 from this job.  (Dkt. 14 at 7-9.)  Ralph Lauren argues that Scaife should have disclosed this income in his application.  But Scaife did include information regarding his work at Ralph Lauren in his IFP application.  In the additional pages he attached, he stated: "I fell behind in my rent due to lost hours at Ralph Lauren[,] which also le[]d to taking a large pay cut to go to Macy's. . . . . Ralph Lauren I made $16 hr."  (Dkt. 4 at 5.)  Scaife also argues that he did not disclose his total earnings from this work because he is "suing Ralph Lauren and who knew what I earned in 2018 from them."  (Dkt. 31 at 1.)  His amended application now provides that he received about $15,000 during the previous 12 months from "Ralph Lauren / 24 Seven."  (Dkt. 25 at 2.)

The court agrees with Ralph Lauren that Scaife should have included his total pay from his work at Ralph Lauren on his original IFP application.  Whether Scaife's employer was Ralph Lauren or 24 Seven, Scaife had the responsibility to inform the court how much he earned over the past twelve months.  Similarly, even though Scaife disclosed his current hourly rate at Macy's (his current employer), he should have included his total pay from Macy's during the last twelve months in his application.  Scaife's supplemental filings show that he earned at least $2,574.07 in 2018 from Macy's.  (*See* Dkt. 21 at 5.)  However, the court is convinced that Scaife attempted in good faith to provide relevant information about his income from both Macy's and Ralph Lauren.  Additionally, the omission of some of Scaife's income over the past twelve months does not change the court's conclusion that Scaife is indigent.

Since the omissions were not deliberate, and they did not affect Scaife's overall allegation of poverty, the allegation of poverty in Scaife's application was not "untrue" within the meaning of Section 1915(e)(2)(A).  The motion to dismiss is denied.  Additionally, since the court remains convinced that Scaife is indigent, the

3

amended IFP application is granted.

The court also grants Scaife's request for attorney representation (Dkt. 5). "In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). The court is satisfied that Scaife has made reasonable attempts to secure counsel and believes based on its review of the docket and the procedural posture of the case that recruitment of counsel is appropriate at this time.

Accordingly, the court recruits Ira James Belcove of Porter, Wright, Morris & Arthur LLP, 321 North Clark Street, Suite 400, Chicago, IL 60654, (312) 756-8500, ibelcove@porterwright.com, to represent Plaintiff in this matter.

Date:   March 5, 2020                    /s/ Martha M. Pacold